## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JESSICA MARGARET GROTHER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 15-9214-JWL** |
| CAROLYN W. COLVIN, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding the Administrative Law Judge's (ALJ) credibility determination to be inadequate despite according it the substantial deference it is due, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.      Background

Plaintiff applied for DIB, alleging disability beginning May 7, 2011. (R. 28, 190). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review

of the final decision denying benefits.  She argues that the ALJ erred in weighing the

medical opinions and in evaluating the credibility of her allegations of limitations

resulting from her symptoms, and that consequently the ALJ's reliance on the

hypothetical questioning of the vocational expert was also erroneous.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804

(10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520.  Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ provided an inadequate basis to discount the credibility of Plaintiff's allegations of symptoms resulting from her impairments, and failed to closely and affirmatively link his credibility findings to the record evidence.  The court has not invested the time in a complete review of the ALJ's evaluation of the medical opinions, but its first impression is that the evaluation was thorough and rests on record evidence.  Nevertheless, because remand is necessary to properly consider and explain the consideration of the credibility of Plaintiff's allegations, Plaintiff will have the opportunity to make her arguments regarding evaluation of the medical opinions on remand.

## II.    Discussion

Plaintiff claims that the ALJ "failed to engage in any meaningful assessment of Plaintiff's credibility."  (Pl. Br. 23).  She argues that the ALJ did not apply the regulatory factors for evaluating the credibility of Plaintiff's allegations in accordance with the standard provided in Social Security Ruling (SSR) 96-7p.  Id.  She then points to record evidence which, in her view, should have been discussed in the credibility determination. (Pl. Br. 23-25).  In her response, the Commissioner argues that the ALJ reasonably found Plaintiff's allegations incredible.  (Comm'r Br. 10).  She asserts that "the ALJ thoroughly

4

analyzed the medical opinions and objective medical evidence of record and found that

the record as a whole did not support Plaintiff's claims of disabling limitations." Id.

(citing R. 33-37). She asserts that Plaintiff's testimony regarding limitations "were

largely in line with the ALJ's residual functional capacity assessment," and concludes

that "the ALJ reasonably concluded that Plaintiff's claims that she could not perform the

minimal demands of a limited range of unskilled, sedentary work were not entirely

credible." Id.

### A.   Standard for Evaluating the Credibility of a Claimant's Allegations

The court's review of an ALJ's credibility determination is deferential. Credibility

determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d

585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).

"Credibility determinations are peculiarly the province of the finder of fact" and will not

be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord

Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations,

the court will usually defer to the ALJ on matters involving witness credibility. Glass v.

Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d

1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). Nevertheless,

"[f]indings as to credibility should be closely and affirmatively linked to substantial

evidence and not just a conclusion in the guise of findings." Wilson, 602 F.3d at 1144

(quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at

1173 (same).

The framework for a proper credibility analysis is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling.  See, Thompson, 987 F.2d at 1488 (explaining the Luna framework).  The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).  The court has recognized a non-exhaustive list of factors which overlap and expand upon the factors promulgated by the Commissioner.  Luna, 834 F.2d at 165-66.  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).  The court does not require a formalistic factor-by-factor recitation of the

6

evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating

the claimant's credibility, the dictates of <u>Kepler</u> are satisfied.

### B.    The ALJ's Credibility Determination

The ALJ stated the regulations and rulings controlling a credibility determination,

summarized the standard presented therein, and summarized Plaintiff's allegations.  (R.

33).  He also summarized the Third Party Function Report completed by Plaintiff's

mother regarding Plaintiff's limitations.  <u>Id.</u>  He then stated his findings regarding

credibility:

> After careful consideration of the evidence, the undersigned finds that the
> claimant's medically determinable impairments could reasonably be
> expected to cause some the [sic] alleged symptoms; however, the claimant's
> statements concerning the intensity, persistence and limiting effects of these
> symptoms are not entirely credible <u>for the reasons explained in this</u>
> <u>decision</u>.  The undersigned has fully considered the claimant's statements
> about the intensity, persistence, and functionally limiting effects of the
> claimant's symptoms; daily activities, medications or other treatment used
> to alleviate symptoms; the nature and frequency of attempts to obtain
> medical treatment for the symptoms; and statements by other people about
> the symptoms.  Additionally the longitudinal record, as to whether the
> symptoms of fibromyalgia and other myalgias may way [sic] and wane over
> the long term or result in "bad days and good days" in the short term, has
> been considered.  Consideration bas been given to any other symptoms
> associated with fibromyalgia (such as fatigue, sleep disturbance and
> irritable bowel syndrome) that may result in exertional or non-exertional
> limitations.  In the claimant's situation she has described over all pain and
> problems with the completion of activities of daily living.  She has reported
> symptoms including fatigue, sleep disturbance and irritable bowel
> syndrome.  These symptoms are relieved with the use of pain medications,
> water therapy, heat, and steroid injections.

(R. 34) (emphasis added).

### C.    Analysis

7

In this paragraph, the ALJ provided a thorough listing of appropriate considerations in his credibility determination, and the court will take him at his word that he has carefully considered credibility in the manner described.  Hackett, 395 F.3d at 1172-73 ("our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter").  However, as Plaintiff argues, the ALJ "failed to engage in any meaningful assessment" demonstrated in the decision.  (Pl. Br. 23).  Particularly, as she also argues, he failed to closely and affirmatively link his credibility findings to record evidence.  The ALJ stated that he found Plaintiff's allegations not credible "for the reasons explained in this decision" (R. 34), but the court finds only one reason presented in the decision to discount Plaintiff's allegations, and that reason is by no means explained in the decision.  Thus, so far as the court may discern, the entire credibility analysis occurred in the ALJ's head.

As quoted above, the ALJ listed several of Plaintiff's alleged symptoms and concluded that they "are relieved with the use of pain medications, water therapy, heat, and steroid injections."  (R. 34).  However, this finding is merely a conclusion without any link to record evidence.  The ALJ did not cite to record evidence demonstrating the conclusion asserted at this point in his decision.

The court searched the decision to ascertain if perhaps the ALJ had cited therein to record evidence demonstrating relief of Plaintiff's symptoms resulting from such modalities.  The ALJ cited evidence that Plaintiff was given steroid injections for pain relief (R. 34, 35-36), that at one point Plaintiff reported "70% improvement in her pain"

8

(R. 35), and that she "was on Lyrica and amitriptyline for fibromyalgia and it was working well." Id. However, although Plaintiff was given injections for pain relief, there is no finding that "relief" was achieved. The report of 70% improvement in pain was in treatment notes just a few months after back surgery, and says nothing regarding the long-term prospects or whether control was adequate for work. In fact, that report stated "she is not quite ready to go back to work," and the doctor was going to keep her off work "anywhere from six to nine months, possibly up to 12 months post-op." (R. 748). The treatment note regarding Lyrica and amitriptyline actually stated, "that seems to be working well," and goes on to note that Plaintiff's dose of narcotics was being increased and that "narcotics can make fibromyalgia worse." (R. 865). The court found nothing in the decision regarding heat, or water therapy. There is simply no close or affirmative link in the decision between the evidence and the ALJ"s credibility determination.

Moreover, the Commissioner's Brief does not point to record evidence demonstrating that Plaintiff's symptoms are, indeed, relieved by medication. Rather, in arguing that the ALJ's credibility determination is reasonable in light of the record as a whole, she is inviting the court to weigh the evidence, perform its own credibility determination, and find (as did the ALJ) that Plaintiff's allegations are not credible. As noted previously in this opinion, the court may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

Remand is necessary for a proper credibility determination.

Plaintiff seeks remand for immediate award of disability benefits.  (Pl. Br. 25-26). She argues that such a remand is appropriate because there is substantial evidence supporting her allegations of disability.  Id. at 26.  Plaintiff presents no legal authority suggesting the appropriate bases for remand for an immediate award of benefits, and she does not point to the record evidence that allegedly requires a finding of disability. Therefore, she has waived this remedy before this court.  Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 15th day of August 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

10